UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE LAC VIEUX DESERT BAND OF LAKE
SUPERIOR CHIPPEWA INDIANS TRIBAL
COUNCIL, and the MEMBERS OF THE TRIBAL
COUNCIL, JAMES H. WILLIAMS, JR., JOETTE
PETE-BALDWIN, MICHELLE HAZEN ALLEN,
MISAABE MCGESHICK, TRACY R. PETE,
GIIWEGIIZHIGOOKWAY MARTIN, ROBERTA
L. IVEY, TYRONE MCGESHICK, and SHASTA
KLINGMAN,                                                              Case No. 2:10-cv-223

       Petitioners,                                                       HON. R. ALLAN EDGAR

v.

LAC VIEUX DESERT BAND OF LAKE SUPERIOR
INDIANS TRIBAL COURT, JUDGE BRADLEY
DAKOTA, in his individual capacity, LAC VIEUX
DESERT BAND TRIBAL POLICE, and THE IRON
COUNTY SHERIFF'S DEPARTMENT,

       Respondents.
_____/

## REPORT AND RECOMMENDATION

On September 9, 2010, a petition for writ of habeas corpus, with a request for expedited consideration, was filed pursuant to the Indian Civil Rights Act of 1968, 25 U.S.C. § 1303. The petition maintains that petitioners are nine members of the Lac Vieux Desert Band of Lake Superior Chippewa Indians Tribal Council. According to the petition, the nine petitioners were arrested and taken into custody by the Lac Vieux Desert Tribal Police on September 8, 2010, following an election dispute and a finding of contempt by Tribal Court Judge Bradley Dakota, sitting by special appointment of the Lac Vieux Desert Tribal Court.

The petition asserts that petitioners were arrested and detained "without due process of law." *See* Petition For Writ of Habeas Corpus Under 25 U.S.C. § 1303 and Request For Expedited Consideration at p. 2. Petitioners sought their release from custody. The matter was set for hearing on September 13, 2010, at 1:30 p.m. Prior to the hearing, a Supplement Petition For Writ of Habeas Corpus Under 25 U.S.C. § 1303 and Request For Expedited Consideration was filed, notifying the Court that petitioners had been released from custody. Petitioners sought an order from the Court which would "enjoin further detention of the Petitioners." *See* Supplement to Petition For Writ of Habeas Corpus Under 25 U.S.C. § 1303 and Request For Expedited Consideration at p. 5.

A hearing was conducted by telephone before the undersigned on September 13, 2010. Participating in the hearing were Zeke Fletcher and Carrie Whitman, counsel for petitioners, Joseph O'Leary, counsel for respondent Bradley Dakota, Melissa Powell-Weston, counsel for respondent Iron County Sheriff's Department, Tribal Court Judge Bradley Dakota, and Iron County Sheriff Mark Valesano.

> The instant petition was filed pursuant to 25 U.S.C. § 1303. That provision explains:
>
> The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe.

In *Moore v. Nelson*, 270 F.3d 789 (9th Cir. 2001), the court, citing the Supreme Court's decision in *Santa Clara Pueblo*, 436 U.S. 49, explained:

> The Court made it clear that, in order not to intrude unduly on tribal self-government, the enforcement of most of the guarantees of the Act would be left to the tribal courts alone. . . . "Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians."

*Id.* at 792.

In *Necklace v. Tribal Court of Three Affiliated Tribes of the Fort Berthold Reservation*, 554 F.2d 845 (8th Cir. 1977), the court discussed the exhaustion requirement and explained:

> As to tribal remedies, we have held, as a matter of comity, that tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one. *See Rosebud Sioux Tribe of S. D. v. Driving Hawk*, 534 F.2d 98, 101 (8th Cir. 1976); *Janis v. Wilson*, 521 F.2d 724, 726-27 (8th Cir. 1975); *O'Neal v. Cheyenne River Sioux Tribe*, 482 F.2d 1140, 1144-48 (8th Cir. 1973). As we stated in *O'Neal, supra*:
>
>> A balancing process is evident; that is weighing the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to immediately adjudicate alleged deprivations of individual rights.
>
> 482 F.2d at 1146.
>
> In the instant case, Necklace has been under a Tribal Court Order of Commitment for approximately five years, allegedly in violation of due process. While it appears that there are informal procedures by which Necklace might seek relief in the tribal courts, it further appears that the laws of the TAT contain no formal habeas corpus procedure. Under these circumstances, we hold that Necklace is not required to exhaust her tribal remedies.

*Id.* at 846.

Apparently, the Lac Vieux Desert Band of Lake Superior Chippewa Indians is embroiled in a political dispute which resulted in the temporary detention of the petitioners pursuant to an order of Judge Bradley Dakota. Petitioners have been released from custody, apparently pursuant to an order by a tribal judicial officer.[1]

---

[1] There is some dispute as to whether or not the procedure that resulted in the release of the petitioners complied with the jurisdictional and procedural requirements of the tribal judicial system.

It appears to the undersigned that this Court no longer has subject matter jurisdiction of the dispute found in the petition. That dispute sought release of the petitioners pursuant to what was alleged to be a detention without due process of law. There is presently no case or controversy before the Court. More importantly, as a matter of comity, this Court should not interfere with an ongoing political dispute of a sovereign Indian tribe. Should the petitioners be detained in the future, they can seek relief in this Court pursuant to 25 U.S.C. § 1303. However, petitioners will be required to demonstrate that this Court has subject matter jurisdiction. This Court's jurisdiction pursuant to 25 U.S.C. § 1303 is extremely limited. Petitioners are required to exhaust their tribal remedies or demonstrate that such exhaustion would be futile. The events of the past week indicate that requiring exhaustion was not futile in the present matter.

Accordingly, it is respectfully recommended that the Court dismiss this petition as moot because the petitioners are no longer in custody. This dismissal should be without prejudice to their ability to file a petition should the petitioners again find themselves in custody.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 14, 2010